**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re FEDERATED MUTUAL FUNDS EXCESSIVE FEE LITIGATION ) ) | No. 2:04-cv-352-DSC  *Electronically Filed* |
| GARY M. BAUER, ) Plaintiff, ) v. ) FEDERATED EQUITY MANAGEMENT ) COMPANY OF PENNSYLVANIA, et al., ) Defendants. ) ) ) ) | No. 2:04-cv-702-DSC   *Electronically Filed* |
| LEONARD BURRES, JULES COOPER, ) JAMES MONAHAN, NINA MONAHAN, and ) WALTER NEIT, ) Plaintiffs, ) v. ) FEDERATED EQUITY MANAGEMENT ) COMPANY OF PENNSYLVANIA, et al., ) Defendants. ) ) ) ) | No. 2:04-cv-855-DSC   *Electronically Filed* |
| GRETCHEN W. REAVES, for the use and ) benefit of the FEDERATED KAUFMANN ) FUND, ) Plaintiff, ) v. ) FEDERATED INVESTORS, INC., et al., ) Defendants. ) ) ) ) | No. 2:05-cv-201-DSC   *Electronically Filed* |
| LAWRENCE ZUCKER, ) Plaintiff, ) v. ) FEDERATED SHAREHOLDER SERVICES ) CO., *et al.*, ) Defendants. ) ) ) ) | No. 2:06-cv-00241-DSC   *Electronically Filed* |

**PLAINTIFFS' JOINT MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION TO CONSOLIDATE AND FOR LEAVE TO FILE A CONSOLIDATED AMENDED COMPLAINT**

**INTRODUCTION**

Plaintiffs seek leave to consolidate the above captioned actions at one docket number and to file a single Consolidated Amended Complaint.[1] Since Plaintiffs have agreed to limit their complaint to a claim that the Federated Kaufmann Fund charges an advisory fee that violates Sections 36(b) of the Investment Company Act of 1940 (15 U.S.C. § 80a-35(b)) the Consolidated Amended Complaint would involve common, if not identical, issues of law and fact. Thus, granting consolidation of the actions in one docket and allowing Plaintiffs to file a Consolidated Amended Complaint is appropriate and will best serve the interests of judicial economy.

**ARGUMENT**

**I.   THE ACTIONS SHOULD BE CONSOLIDATED**

Consolidation is appropriate with "actions involving common question of law or fact" that are pending before the court. Fed. R. Civ. P. 42(a). *See Johnson v. Celotex Corp.,* 899 F.2d 1281, 1284 (2d Cir. 1990), *cert. denied*, 498 U.S. 920 (1990); *Cella v. Togum Constructeur Ensemleier En Industrie Alimentaire,* 173 F.3d 909, 912 (3d Cir. 1999); *Hall v. Babcock & Wilcox Co.*, 69 F. Supp. 2d 716, 732 (W.D. Pa. 1999). *Accord Manual for Complex Litigation (3d),* § 20.123, at 13-14 (1995).

---

[1] Prior to filing the present motion to consolidate, both consolidated and coordinated complaints had been filed at the above captioned actions. Actions *Spahn,* No. 2:04-cv-352-DCS and *Fetzer,* No. 2:04-cv-719-DCS were consolidated at *In re Federated Mutual Funds Excessive Fee Litigation*, No. 2:04-352-DSC. *See* March 31, 2005 Order. Actions *Bauer,* No. 2:04-cv-702-DCS, *Brever / Burres,* No. 2:04-cv-855-DSC, *Reaves,* No. 2:05-cv-201-DSC and *Zucker,* No. 2:06-cv-00241-DSC were coordinated with *In re Federated Mutual Funds Excessive Fee Litigation*, No. 2:04-352-DSC. *See* March 31, 2005 Order.

The standard for consolidation under Rule 42(a) is clearly met here. Plaintiffs' proposed Consolidated Amended Complaint names the same defendants, involves the same mutual fund (the Federated Kaufmann Fund), and alleges violations of the same law (Section 36(b)). Moreover, the core issue in the Consolidated Amended Complaint is the unified position taken by all of the named Plaintiffs, all of whom are Federated Kaufmann Fund shareholders, that the stated investment advisory fee charged to Federated Kaufmann Fund by the Federated management organization of 1.425% of average net assets per annum is a breach of Defendants' fiduciary duty under Section 36(b). *See, e.g.*, attached Exhibit A (proposed Consolidated Amended Complaint at ¶5).

Consolidation for pretrial purposes under these circumstances will save judicial and private resources, and will promote efficiency and consistency in the prosecution of these actions. Therefore, Plaintiffs respectfully submit that these actions should be consolidated.

## II. PLAINTIFFS SHOULD BE GRANTED LEAVE TO FILE THEIR CONSOLIDATED AMENDED COMPLAINT

Leave to amend a complaint "shall be freely given when justice so requires." *Alvin v. Suzuki*, 227 F.3d 107, 221 (3d Cir. 2000) (citing Fed. R. Civ. P. 15); *Consolidation Coal Co. v. United States DOI*, 2006 U.S. Dist. LEXIS 6364, at *8 (W.D. Pa. February 17, 2006). A court abuses its discretion where it denies leave to amend unless "plaintiff's delay in seeking amendment is undue, made in bad faith, prejudicial to the opposing party, or [the amendment] fails to cure the jurisdictional defect." *Alvin*, 227 F. 3d at 121 (citing *Berkshire Fashions, Inc. v. M.V. Hakusan II*, 954 F.2d 874, 886 (3d Cir. 1992)). The only other circumstance under which a court may deny leave to amend is if amendment is futile because the proposed amended claims are improperly pled or otherwise fail to state a claim. *See Alvin*, 227 F. 3d at 121.

3

In this case, Plaintiffs' motion for leave to amend is made in good faith and without any undue delay or prejudice to Defendants. There is no undue delay in this case given that Plaintiffs are seeking leave to amend their complaint shortly after their attempt to settle their respective actions at mediation with Judge Politan on February 6, 2008 was unsuccessful. Plaintiffs' motion for leave to amend is made in good faith and without prejudice to Defendants because Plaintiffs seek leave to file a single Consolidated Amended Complaint that will focus this litigation on the solitary issue of whether the advisory fees Defendants charged to the Kaufmann Fund violates Defendants' fiduciary duty under Section 36(b).

Moreover, in the motions to dismiss Defendants filed previously in these proceedings, Defendants did not challenge the causes of action that Plaintiffs are now proposing to consolidate. Thus, this Court should allow Plaintiffs to file a Consolidated Amended Complaint.

Dated: April 25, 2008

**LAW OFFICE OF ALFRED G.
  YATES JR., PC**

By: /s/ Alfred G. Yates, Jr.
Alfred G. Yates, Jr. (PA17419)
Gerald L. Rutledge (PA62027)
429 Forbes Avenue
519 Allegheny Building
Pittsburgh, Pennsylvania  15219
(412) 391-5164
(412) 471-1033 (facsimile)
yateslaw@aol.com

**MILBERG LLP**
Janine L. Pollack, Esq.
jpollack@milberg.com
Anna C. Dover, Esq.
adover@milberg.com
One Pennsylvania Plaza
New York, NY 10119

**BROWER PIVEN, A PROFESSIONAL
  CORPORATION**

Charles J. Piven, Esq.
piven@bowerpiven.com
Marshall N. Perkins, Esq.
perkins@bowerpiven.com
The World Trade Center - Baltimore
401 East Pratt Street, Suite 2525
Baltimore, MD  21202

**SCHIFFRIN BARROWAY TOPAZ
  & KESSLER, LLP**
Richard A. Maniskas, Esq.
rmaniskas@sbclasslaw.com
280 King of Prussia Road
Radnor, PA  19087

*Attorneys in the In re Federated Mutual Funds Excessive Fee Litigation, (No.2:04-352)*

**JOHNSON, POPE, BOKOR, RUPPEL
  & BURNS LLP**
Guy M. Burns, Esq.
guyb@jpfirm.com
Becky Ferrell-Anton, Esq.
beckyf@jpfirm.com
403 E. Madison St., Ste. 400
Tampa, FL  33602

**KELLER ROHRBACK, LLP**
Lynn Lincoln Sarko, Esq.
lsarko@kellerrohrback.com
Michael D. Woerner, Esq.
mwoerner@kellerrohrback.com
Laura Gerber, Esq.
lgerber@kellerrohrback.com
1201 Third Ave., Ste. 3200
Seattle WA  98101-3052

**STEMBER FEINSTEIN DOYLE
  & PAYNE, LLC**
Ellen M. Doyle, Esq.
edoyle@stemberfeinstein.com
17th Floor Allegheny Building
429 Forbes Avenue
Pittsburgh, PA  15219

**RICHARDSON, PATRICK, WESTBROOK**

   **& BRICKMAN, LLC**
Michael Brickman, Esq.
mbrickman@rpwb.com
Nina H. Fields, Esq.
nfields@rpwb.com
174 E. Bay St.
Charleston, SC  29401

*Attorneys in the <u>Leonard H. Burres, et al.v. Federated Equity Management Company of Pennsylvania</u> Litigation (No. 2:04-855)*

**ZIMMERMAN LEVI &**
  **KORSINSKY, LLP**
Eduard Korsinsky, Esq.
ed@zlk.com
39 Broadway, Ste. 1601
New York, NY  10006

**PRIBANIC & PRIBANIC**
Vincent Coppola, Esq.
vcoppola@pribanic.com
513 Court Place
Pittsburgh, PA  15219

**BERMAN DEVALERIO PEASE**
  **TABACCO BURT & PUCILLO**
Jeffrey C. Block, Esq.
jblock@bermanesq.com
Leslie R. Stern, Esq.
lstern@bermanesq.com
One Liberty Square, 8th Fl.
Boston, MA  02109

*Attorneys in the <u>Lawrence Zucker v. Federated Shareholder Services Co., et al.</u> Litigation (No. 2:06-0024)*

**APPERSON, CRUMP &**
  **MAXWELL PLC**
Charles D. Reaves, Esq.
creaves@appersoncrump.com
Jerome A. Broadhurst, Esq.
jbroadhurst@appersoncrump.com
6000 Poplar Ave., Ste. 400

Memphis, TN 38119-3972

***Attorneys in the <u>Gretchen W. Reaves v. Federated Investors, Inc., et al</u>. Litigation (No. 2:05-201)***